a

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 15 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JASON DEAN WARREN, Plaintiff | CIVIL ACTION NO. 1:15-CV-2514; SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| SHERIFF'S DEPT. Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Jason Dean Warren filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on October 9, 2015. (Doc. 1). He was granted leave to proceed *in forma pauperis* on October 19, 2015. (Doc. 4). At the time of filing, Plaintiff was incarcerated at the Leake County Regional Correctional Facility in Carthage, Mississippi. He complained that he was deprived of his constitutional rights by the Avoyelles Parish Sheriff's Office.

On January 11, 2016, Plaintiff was ordered to amend his complaint on or before February 10, 2016, to provide additional facts to support his claim. (Doc. 7). To date, Plaintiff, who is no longer incarcerated (Doc. 6), has failed to comply with the Court's order or to request an extension of time within which to comply.

A district court may dismiss an action for Plaintiff's failure to prosecute or to comply with any order of the court. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this

sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 629-630.

For the foregoing reasons, **IT IS RECOMMENDED** that the § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS

AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 14th day of March, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge